IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| PHILLIP NEW, | : | S. CT. NO. 10-1096 |
| | | STORY CO. NO. SCSC048021 |
| Plaintiff, | : | |
| vs. | : | |
| GEMINI CAPITAL GROUP and | : | |
| NEIMEN, STONE &MCCORMICK, P.C., | | |
| Defendant. | : | |

## COMPLAINT

Phillip New, by his attorney Ray Johnson, for his claims against the Defendant states:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of Plaintiff's rights pursuant to the Fourteenth Amendment of the United States Constitution, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter, "FDCPA") and Iowa Fair Debt Collection Practices Act, Iowa Code § 537.7103, et seq. (hereinafter, "State Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURSIDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331,1343 and 15 U.S.C. § 1692k(d). Venue is proper in this District under 28 U.S.C. § 1391(b), since a substantial part of the events or omissions giving rise to the causes of action alleged herein took place in this District.

### III. PARTIES

3. Plaintiff, Phillip New, is a natural person now residing in Story County, Iowa.

4. Defendant, Gemini Capital Group (hereinafter, "Gemini") is a debt collection firm regularly collecting debt in Iowa.

5. Defendant, Neiman, Stone and McCormick, P.C. is an Iowa law firm that regularly collects consumer debt.

6. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### IV. FACTUAL ALLEGATIONS

7. Gemini is a debt buyer who filed a small claims action against New. It obtained a judgment on March 2, 2010. That ruling was appealed to state district court. On or about June 8, 2010 the district court affirmed the small claims ruling. The Iowa Supreme Court has now granted discretionary review of the rulings resulting in the judgment at issue.

8. In late July or early August, 2010 Gemini by its attorneys Neiman, Stone and McCormick, P.C., garnished New's bank account without providing him any notice, much less prompt notice of the garnishment. Likewise, New never received notice of potential exemptions or notice of how to claim those exemptions.

9. In its garnishment of Plaintiff's account, Defendants may have relied upon Iowa Code § 642.14, an antiquated statute governing post judgment garnishment proceedings.

10. The statute violates Plaintiff's right to due process under the Fourteenth Amendment of the United States Constitution, as it provides for notice to a judgment debtor of the creditor's garnishment of his account; that he may be able to claim certain funds as exempt from

2

garnishment, nor does it provide notice of how to claim exemptions or provide for a prompt
hearing on the garnishment.

11. Pursuant to the statute, even if notice would have been sent, the statute would not have
required the information regarding exemptions would not have required notice to Plaintiff of
the garnishment within a reasonable period of time.

12. As a result of the Defendants actions, Plaintiff's bank account and sole source of funds was
frozen without prompt notice of exemptions or the right to a hearing to contest the
garnishment. Consequently, Plaintiff was unable pay other bills such as rent, causing him
actual damages, including emotional distress.

## V. FIRST CLAIM FOR RELIEF
(Violations Of Constitutional Rights)

13. Plaintiff incorporates by reference all facts and allegations set forth in the Petition.

14. Defendants acting in concert and under color of law, actively participated in, and authorized,
the wrongful deprivation of Plaintiff's property without due process in violation of the
Fourteenth Amendment to the United States Constitution and Article I, Section 9 of the Iowa
Constitution, including but not limited to garnishing Plaintiff's bank account without
providing him prompt notice of the garnishment or the right to hearing to challenge the
garnishment or claim exemptions within a reasonable period of time.

15. The outdated statute relied upon by the Defendant is unconstitutional both facially and as
applied.

16. The statute relied upon by the Defendant is preempted by the Constitution of the United
States of America.

17. As a result of Defendant's actions, New has sustained actual damages and injury including aggravation and mental anguish for which he should be compensated in an amount to be proven at trial.

18. Defendants have attempted to collect an alleged debt from New that was time-barred and for which they hade little or no admissible evidence.

### VI. SECOND CLAIM FOR RELIEF
### (Federal FDCPA)

19. All facts and allegations of this Complaint are incorporated herein by reference.

20. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   a.  Defendants violated 15 U.S.C. § 1692(e)(2)(a) by making a false representation of the character, or legal status of a debt; and

   b.  Defendants violated 15 U.S.C. § 1692(5) by taking action that cannot legally be taken including but not limited to; garnishing Plaintiff's bank account without providing him prompt notice of the garnishment proceedings and a hearing to challenge the garnishment within a reasonable period of time, and for garnishing federally exempt funds from Plaintiff's bank account.

21. As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for actual and statutory damages, costs and attorney's fees.

### VII. SECOND CLAIM FOR RELIEF
### (State FDCPA)

22. All facts and allegations of this Complaint are incorporated herein by reference.

23. New's alleged obligations were "debts" as defined by Iowa Code § 537.7102(3).

4

24. With regard to attempts to collect from new as alleged herein, Defendants were "debt collectors" engaged in "debt collection" as defined by Iowa Code §§ 537.7102(4) and (5).

25. Defendants violated the State Act. The foregoing acts, omissions and practices of the Defendants were in violation of Iowa Code § 537.7103, including but not limited to:

    a. Defendants violated Iowa Code § 537.7103(1)(f) by taking actions, prohibited by law, including filing suit on a time-barred debt with inadequate proof and by garnishing New's bank account in violation of state and federal constitutions.

    c. Defendants violated Iowa Code § 537.7103(4) by using fraudulent, deceptive, or misleading representations or means to collect debt, including garnishing Plaintiff's bank account without providing him prompt notice of the garnishment proceedings and a hearing to challenge the garnishment within a reasonable period of time, and for garnishing federally exempt funds from Plaintiff's bank account.

26. As a proximate result of the unfair debt collection, Defendants are liable to the Plaintiff for actual and statutory damages, costs, and attorney's fees.

## VIII. RELIEF REQUESTED

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against the Defendant for the following:

    A. Actual damages;

    B. Statutory damages pursuant to 15 U.S.C. § 1692k.

    C. Statutory damages pursuant to Iowa Code § 537.5201(1).

5

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k, 42 U.S.C. § 1988
and Iowa Code § 537.5201(8).

E. For such other relief as the Court deems appropriate in the circumstances.

Respectfully submitted,

RAY JOHNSON
AT0004019
Johnson Law Firm
950 Office Park Rd.
Suite 335
W. Des Moines, Iowa 50265
Phone: (515) 224-7090
Fax:  (515) 222-2656
Johnsonlaw29@aol.com